IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, through its agency, THE SMALL BUSINESS ADMINISTRATION,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY LEE TOMLINSON and LEEANN TOMLINSON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11CV98 DAK |

This matter is before the court on the United States of America's Motion for Summary Judgment. Defendants have failed to respond to the motion and the time for doing so has expired. The court has carefully considered the memoranda and other materials submitted by the United States. Now being fully advised, the court renders the following Memorandum Decision and Order.

On or about March 27, 1998, the Tomlinson Group, LLC, executed and delivered to Greater Salt Lake Business District ("GSLBD") a promissory note in the original principal amount of $1,000,000.00 ("Note"). On or about March 27, 1998, Randy Lee Tomlinson and LeAnn Tomlinson ("Tomlinsons") executed guarantee agreements ("Guarantees"), thereby guaranteeing repayment of the Note.

The Small Business Administration ("SBA") is successor-in-interest to GSLBD in the

Note, the Guarantees, and all related documents. The Tomlinson Group, LLC, defaulted under the terms of the Note and continues to be in default. SBA accelerated the amounts due and owing on the Note. SBA made demand upon the Tomlinsons pursuant to the Guarantees for payment of the remaining balance of the Note. The Tomlinsons have not made payment as demanded.

As of January 24, 2011, the outstanding principal balance on the Note was $612,024.99 and accrued interest was $60,360.08 for a total outstanding balance of $672,385.07. Interest has accrued and continues to accrue on the principal balance at the rate of 6.36% per annum. These facts were not denied or addressed in Defendants' Answer to the Complaint.

The United States has met its burden of demonstrating that there is no genuine dispute in this case that the Note was executed, that Tomlinsons guaranteed repayment of the Note, that the Note is in default, that demand was made upon the Guarantees, and that the Note is outstanding in the amounts set forth above. None of these facts were disputed in Defendants' Answer to the Complaint. A failure to deny allegations is deemed an admission of those allegations. *See* Fed. R. Civ. P. 8(b)(6). In addition, Defendants raise no real affirmative defenses in their Answer.

Defendants mention in their Answer that they submitted a compromise offer to SBA and never heard back. Even assuming that such an offer was made, SBA had no duty to accept the offer. *See U.S. v. Anderson*, 2008 WL 5377958 (D. Utah).

Pursuant to the terms of the Note and the Guarantees, Plaintiff is entitled to judgment as a matter of law against Defendants for the balance due and owing on the Note.

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [docket # 8] is GRANTED. The United States is directed to submit a proposed Judgment to the court.

DATED this 10th day of June, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge